# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SIMON ERIC REED                                                        PETITIONER

VS.                          4:18-CV-00058-KGB/JTR

TIM RYALS, Sheriff,
Faulkner County, Arkansas                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

On January 22, 2017, Petitioner, Simon Eric Reed ("Reed") filed a *pro se* Motion for Writ of Habeas Corpus ("Motion"). *Doc. 2*. Although Reed fails to state

whether he is pursuing habeas relief under 28 U.S.C. § 2241 or § 2254, the Court will construe his Motion as seeking habeas relief under § 2241.[1]

Reed contends in his Motion that he is being held in the Faulkner County Detention Center ("FCDC") on "several unconstitutionally sound factors" including: (1) he was not given an attorney for 30 days; (2) the state court is not following the Arkansas Rules of Criminal Procedure; (3) he was charged in an Information and not by grand jury; and (4) the traffic stop leading to his arrest was unconstitutional. Based on these allegations, Reed appears to be a pre-trial detainee who is being held in the FCDC awaiting charges on unspecified *pending* state criminal charges that he is seeking to collaterally attack in this federal habeas action.

For the reasons stated below, the Court recommends that Reed's Motion for Writ of Habeas Corpus be dismissed.

## II. Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. §

---

[1] Because Reed seeks relief *before* trial and judgment in state court, his remedy, if any, lies under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition).

2243. Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

After accessing documents in Reed's pending criminal case in Faulkner County, the Court takes judicial notice that Reed is a pre-trial detainee in the FCDC and is awaiting trial on criminal charges in *State v. Reed*, Faulkner County Circuit Court Case No. 23CR-17-1194 (hereinafter, "pending state criminal case").[2] The pleadings in his pending state criminal case indicate that: (1) on November 17, 2017, following a traffic stop on November 15, 2017, Reed was charged in a felony information with possession of a methamphetamine and possession of drug paraphernalia; (2) in a pretrial hearing on December 18, 2017, Reed requested to represent himself, which the state court judge allowed; (3) Reed, proceeding *pro se*, has requested a suppression hearing to challenge the alleged unlawful traffic stop and to suppress the evidence seized during the stop; (4) Reed, proceeding *pro se*, has also filed a motion to dismiss the felony charges against him, claiming that his continued incarceration is a violation of his constitutional rights; and (5) a pre-trial hearing is scheduled on April 3, 2018.

---

[2] The Court has accessed the docket using the Arkansas courts' website, which is available to the public. *See* https://caseinfo.aoc.arkansas.gov.

Under well-established federal case law, Reed's *pro se* Motion for Writ of Habeas Corpus raises claims that are not cognizable and must be dismissed. First, habeas review focuses on whether the Constitution, laws, or treaties of the United States have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts are not permitted "to reexamine state-court determinations on state-law questions." *Id*. Thus, Reed's allegations of state authorities failing to comply with state laws are not cognizable in a federal habeas action under either § 2241 or § 2254.

Second, before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to fully exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (requiring exhaustion concerning a § 2241 petition). Because Reed has not yet proceeded to trial on the pending state criminal charges, he clearly has *not* exhausted his state court remedies.

Thus, he is seeking to collaterally attack in federal court state criminal charges that are pending in Faulkner County Circuit Court, and, to date, remain *completely unresolved*.

Third, federal courts generally must abstain from the exercise of § 2241 jurisdiction if the issues raised in a habeas petition may be resolved either by trial on the merits in the state court proceeding or by other available state court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d at 636 (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). While narrow exceptions to this rule exist, nothing about Reed's allegations raise any of the "special circumstances" that might trigger one of those exceptions.

Accordingly, Reed's Motion for Writ of Habeas Corpus should be dismissed, without prejudice.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, THAT Petitioner Simon Eric Reed's Motion for Writ of Habeas Corpus, Doc. *No. 2*, be dismissed, without prejudice.

Dated this 26th day of January 2018.

_____
UNITED STATES MAGISTRATE JUDGE