**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SIMON ERIC REED**                                                             **PETITIONER**

**v.**                          **Case No. 4:18-cv-00058-KGB/JTR**

**FAULKNER COUNTY**
**SHERIFF'S OFFICE; TIM RYALS,**
**Sheriff, Faulkner County, Arkansas**                          **RESPONDENT**

<u>**ORDER**</u>

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 4). Petitioner Simon Eric Reed filed timely objections to the Recommendation (Dkt. No. 6). After careful consideration of the Recommendation, Mr. Reed's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 4).

The Court writes separately to address certain of Mr. Reed's objections to the Recommendation (Dkt. No. 6). First, Mr. Reed asserts that he is a *pro se* litigant and has a constitutional right to legal materials. However, Mr. Reed does not specify the legal materials he claims have been denied. Mr. Reed next argues that he did not have counsel during his plea and arraignment, in violation of his Sixth Amendment rights under the United States Constitution. Pursuant to Arkansas Rule of Criminal Procedure 8.2(a), "[a] judicial officer shall determine whether the defendant is indigent and, if so, appoint counsel to represent him or her at the first appearance, unless the defendant knowingly and intelligently waives the appointment of counsel." In the Recommendation, Judge Ray noted that "in a pretrial hearing on December 18, 2017, Mr. Reed requested to represent himself, which the state court judge allowed." (Dkt. No. 4, at 3).

Based on the record before the Court at this time, Mr. Reed affirmatively requested to represent himself when given the opportunity to be represented by counsel.

Mr. Reed also asserts that the police officer who pulled him over for a traffic violation did not have reasonable suspicion to stop him. Mr. Reed has the opportunity to argue that the police officer lacked reasonable suspicion during his trial in the Faulkner County Circuit Court, on appeal to the highest state court if necessary, and then again after he has exhausted his administrative remedies. *See Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (requiring exhaustion of remedies for a 28 U.S.C. § 2241 petition). Mr. Reed's objections do not address the issue of exhaustion of state remedies. Before a state inmate can move for a writ of *habeas corpus* in federal court, the inmate must appeal his case to the highest state court, which must make a determination on the case. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Mr. Reed's pending criminal case is before the Faulkner County Circuit Court, and he has filed the current case without exhausting his state remedies.

It is therefore ordered that Mr. Reed's motion for writ of *habeas corpus* is denied. The Court dismisses without prejudice this case.

It is so ordered, this the 21st day of May, 2018.

Kristine G. Baker
United States District Judge